The Chief Justice, delivered the opinion of the court, as follows ¡ — -William Markham exhibited his bill, to be relieved against the elder grants, which over-^anS fos claim, derived under Samuel Rogers’s entry for 600 acres, made the 11th December 1782, and under Thomas Moore’s entry of 685 acres, made the 27th of December, in the same year. The Bourbon circuit court, being ol opinion that these entries were not sum» cientiy special and descriptive, dismissed the bill; from which, an appeal has been taken, to this, court,
The entries before mentioned, depend upon others, which lead us up to Shadrack Vaughan’s military sur-, ve}> bearing date in July 1774, and granted to him by letters patent, bearing date on the 17th of October 1779. This survey is a good object of description,; because the witnesses clearly prove, that it was notorious at, and be-, fore the date of the entries depending on it. The first Df these in this chain, is John Green’s, for 6000 acres, ma)je gtb December 1782,“ on the waters of Elkhorn, beginning at Shadrack Vaughan’s upper line, 200 poles from his north-east corner ; thence south 70 east 6(55 poles ; thence to extend north 20 east, at right angles, for quantity.”
Shadrack Vaughan’s military survey on the waters of Elkhorn, before mentioned, is claimed as that alluded to in Green’s entry : no other claim of Shadrack Vaughan, on Elkhorn, is exhibited ; therefore, Green’s entry must be attached to it. The court cannot presume another *375 claim of Vaughan, which could be adjoined, for the purpose of rendering an entiy ambiguous.
When we see that North Elkhorn runs through the survey, no reasonable doubt can existas to Vaughan’s upper line intended in Green’s entry ; which being given, no doubt can remain as to its specialty, and precise location.
The next entry in the connection, is that of Samuel Rogers, under which the complainant claims ; the expressions of which, are, for 600 acres, “ joining John Green’s entry of 6000 acres, near the head of Elkhorn, beginning at John Caldwell’s southwardly corner, on said Green’s line, and running from thence south seventy east 300 poles with said Green’s line, to his corner ; running from thence, north twenty east, and binding on said Caldwell’s line as far as the same shall extend, and continuing the same course until the quantity is obtained.”
Without the aid of Caldwell’s entry, we have this evident declaration by Rogers’s entry, that his land is to lie northwardly of Green, and adjoining him ; that it is to begin on Green’s line, at a point three hundred poles from one of his corners : which point, he calls Caldwell’s corner on Green’s line. But without resorting to Caldwell’s location, we are farther told, that this point is one, from whence, by running south TO east with Green’s line, we shall be carried to his corner. When we connect this information, with the courses of Green’s lines, and the length, as given by his entry, it is clear that this point, called Caldwell’s southxvardly corner, is on that line of Green, which makes his northern boundary ; that it is equidistant from the extremities of that line ; and the course from thence, as given, distinguishes to which of the two corners the distance of 300 poles is to be extended. South 70 east, the course called for by Rogers, {and in truth, the course of Green’s line) leads to one corner; the reverse of the course called for, leads along Green’s lineto the other. Havingthus ascertained,with certainty, the corner of Green, and the point in his line which is described in Rogers’s entry, it gives us, from this corner, a course at right angles to Green’s line ; or, in other more explicit words, we are told, from a line running south 70 degrees east 300 poles, to Green’s corner, to run off therefrom, north 20 degrees east.
*376 litre disclaim all aid from Caldwell’s entry, ■We Rave notwithstanding this geometrical problem : Upon, the given báse o¡f ’3(30 poles, the course north 20 east Front one extrCmity thereof being also given, it is required to construct a figure whose area shall be six hundred acres* To this problem, the whole current of decisions would at once respond, and without doubt produce á rectangular parallelogram. . t
Unless there ⅛ something in the call for Caldwell, to mislead, or to outweigh and falsify the other expressions in Rogers’s entry, it must be supported, withoutregard to the validity or invalidity of Caldwell’s entry: for no case is at this time recollected, where an entry, which had á notorious, certain base,, and a given course from that base, for a certain quantity, has been deemed insufficient as to Specialty and precision ; and it may safely be affirmed, that-no such entry ought to be declared uncertain. ,
Let us then inquire whether the call for Caldwell’s entry can vitiate. His entry is for 500 acres, “ Beginning át the north-cast corner of John Green’s entry of 6000 acres, near the head of Elkhorn, running from thence with said Green's line south seventy east 300 poles, then running from each end of this line df 300 poles north twenty east, until a line parallel to the beginning line shall include the quantity.”
As the figure is Well defined by its angles, ánd a given length of base, the only question which occurs, is, can the precise extremities of this length of the base line, be ascertained by the expressions of the entry ? If the expression had been, “ beginning at the north-west corner.,” the other expressions would have been compatible therewith, and with one another ; and without the aid of construction, the entry must'have been a good One ; and the calls of Rogers’s entry, for “ binding on said Caldwell’s line,” would have been certain, and would give the same figure and position to Rogers, as was given by construction, independent of those expressions.
This end would be answered, by making the words “ north-east corner,” yield to the Other expressions, “ running from thence with said Green’s line, south 70 east 300 poles” — “ then north north twenty east,” &c. - — to do which, we are to suppose that the locator mistook the terms appropriate to point to the intended corner ; *377 J>ut tjhat as to the,call for Green's line, ¿.nd the course '‘south seventy east, (which Is the true course frorti the north-west corner) he made no mistake-
Biitt there aré two other ways of coiisi'clering the entry of Caldwell: th^t he. was Accurate as to the intended corner, hut mistook the course therefrom, by calling for south 70 instead of north 7o west, which would likewise have fekefi him along Green’s line. This cot£ struction would give the same corner on Green’s line, as before, and the same course from, thence, for Rogers’s line, as be tore but Rogers would then include Caldwell in his suryty, without changing his (Rogers’s) figure or position.
, The other, or third position', which may be given tq Caldwell, is, by considering the mistake to have happen-in rising the expressions “with said Greeifs line-” vhpse expressions being dropped, the survey would still have the same figure ; but á position adjoining to Rogers pn his eastern side, and the figure and position of Rogers, would remain unaltered : no violence would be done to any of his expressions. . “ At John Caldwell’s south-wesitwardly Corner,” would only be dropped', overruled, or explained into innocence, by the other halls ; all of which, would be literally and truly complied with ⅛ gnd especially the expressions north ¾0 east, and fiiridipg on Caldwell’s line, as far ás,” See. So that Whxphpvef of the three constructions shall be given to Caldwell’s entry, the situation of Rogers, is in no mariner chahgpd* , †⅛ same right angled, right lined figure is preserved', on precisely the same ground* whether you consider Caldwell’s entry, in relation to Rogers, as ari adj.dpct, a ccnriunct, or a unct- The only conclusion, to be dráwn Worn the call for “ binding on Caldwell’s line,’-’ is, that no oblique angle cari be produced théreby) and. that is eyi^ept, froth the bare reading; of the entry.
-Frptrithis view case, it appears unnecessary to spy; .whether any one of tlae .three constructioris of Caldwell’s entry, ought to prevail; of whethér the eritry is void, for repngriarioh) or whether it is valid or irivalid'; it is but collaterally brought into view, arid njS opinion is intended to h(e expressed, as to its merits or demerits : flogers’s .entry is §00⅛ without it ; by it, not vitiated*
Rogers, then, ptust .attach to a base of three' hundred notes, extended from Greed’s north-eastwardly *378 corner, (when laid down according to entry, and adjoin* ing the upper line of Vaughan, as before mentioned) along said Green’s northern boundary, and at right angles from each extremity of this base, for quantity. This being done, Moore’s entry, under which the appellant claims, can be certainly and precisely surveyed, according to the calls of his location, without aid, and without detriment, from the call for Caldwell.
This entry is in the words and figures following:— “Thomas Moore enters 685 acres of land,” &c. “ lying near the head waters of Elkhorn, about five or six miles from Bryant’s station, beginning at the north-east corner of John Caldwell’s 500 acres éntry, and running from thence with said Caldwell’s line south seventy east, to the line of Samuel Rogers’s 600 acres entry ; then with Rogers’s line north twenty east fifty-four poles, to his corner; then with his line south seventy east, 100 poles ; then extending from the south-east end of the line of 100 poles, and also running from the beginning north twenty east, until a line parallel to the first line, shall include the quantity.”
The north-westwardly corner of Rogers’s entry, as before directed to be laid down, is the only one to which the expressions of Moore’s entry can properly attach, from this corner, by running 100 poles on the line and course called for, and from the aforesaid corner, reversing the course, and thereby pursuing the line of Rogers to the distance of 54 poles; thence north seventy degrees west (being the course called for, going from Rogers’s line) 300 poles, will give the beginning called for by Moore, and will leave no difficulty in closing the survey of the quantity of land, according to the course and parallel given in the location.
Thus, by applying the maxim that “ utile per inutile non vitiatur,’’ the construction of the entries of Rogers and Moore, is clear, and their figures reduced to a plain mathematical problem ; easily drawn and effected on the ground, and confined to one certain position.
The defendant, M’Gee, claims under a village right of settlement and pre-emption, granted him by certificate of the commissioners, and entered with the surveyor in 1780. The other defendants claim under a pre-emption of 1000 acres, also entered with the surveyor in 1780, by David Henderson ; but these certificates and *379 locations have not been, by the evidence in this cause, supported as valid claims, for any of the land in controversy.
The court is therefore of opinion, that the entries of Moore and Rogers, when laid off according to the foregoing opinion, and adjoining Green, when laid off adjoining Vaughan, as. before directed, give an equitable claim to the land which will be taken within the bounds of the surveys, made and carried into grants by virtue of those claims ; and that the circuit court erred in not sustaining those entries, and in dismissing the bill.
Wherefore, it is decreed and ordered, that the decree of the said circuit court be, and it is hereby annulled and set aside ; that the cause be remanded to.the circuit, eourt, with directions to cause the interferences to be ascertained between the complainants and defendants, by laying down the entries of Green, Rogers, and Moore, according to the foregoing opinion; correcting some mistakes as to the length of the lines, which appear, from, the surveyor’s report, to exist in the actual surveys on the ground, so as to ascertain the portions of the land to which the complainant is entitled.; and further to proceed therein, so as to enable that court to pronounce a final decree, according to equity, and not inconsistent with the foregoing opinion. Which is ordered to.be certified, &c.